IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAWRENCE CURLETT and<br>STEPHEN DUPHILY,<br><br>Plaintiffs,<br><br>v.<br><br>MADISON INDUSTRIAL SERVICES<br>TEAM, LTD. and J.V. INDUSTRIAL<br>COMPANIES, LIMITED<br>PARTNERSHIP<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 11-718-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of August, 2012, having reviewed plaintiff Curlett's

motion for reconsideration (D.I. 13) and the respective letter briefs on the issue of the

amount in controversy (D.I. 15, 16);

IT IS ORDERED that the motion for reconsideration is denied, with the court

retaining jurisdiction over the remaining claims, for the reasons that follow:

1. **Background.** The court incorporates by reference the detailed background

provided in its prior opinion. (D.I. 11) In short, on August 16, 2011, plaintiffs Lawrence

Curlett ("Curlett") and Stephen Duphily ("Duphily") (collectively "plaintiffs") filed a

complaint against defendants Madison Industrial Services Team, Ltd. ("Madison") and

J.V. Industrial Companies ("JVIC") (collectively "defendants") alleging unjust termination

in violation of the Delaware Whistleblowers' Protection Act, 19 Del. C. § 1703 ("the Act"). Duphily also sought to recover against defendants on conversion and unjust enrichment claims. On May 31, 2012, this court granted defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim pertaining to: (1) plaintiffs' claims under the Act; and (2) plaintiffs' claims against JVIC. The court reserved judgment "with respect to plaintiff Duphily's conversion and unjust enrichment claims pending determination of the amount in controversy." (D.I. 12) On June 14, 2012, plaintiff Curlett filed a motion for reargument or reconsideration of his dismissed claims pertaining to the Act.

2. **Motion for reconsideration standard**. Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

2

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

4. **Amount in controversy standards**. Where parties to a suit are from different states and the amount in controversy exceeds $75,000, "[f]ederal jurisdiction is proper based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)[.]" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 568 (2004). When determining if the amount in controversy exceeds the statutory minimum, "the Supreme Court long ago established [that] . . . 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Huber v. Taylor*, 532 F.3d 237, 243 (3d Cir. 2008) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938)).

5. If, during litigation, the amount in controversy falls below the statutorily prescribed level because certain good faith claims are dispensed with, federal diversity

3

jurisdiction is still proper. *See Grupo Dataflux*, 541 U.S. at 570 (*quoting Mollan v. Torrance*, 22 U.S. 537, 539 (1824) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'")); *Rosado v. Wyman*, 397 U.S. 397, 405 n.6 (1970) (It is a "well-settled rule that a federal court does not lose jurisdiction over a diversity action which was well founded at the outset though . . . the amount recovered falls short[.]"); *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996) ("[S]ubsequent events that reduce the amount in controversy below the statutory minimum do not require dismissal."); *Huber*, 532 F.3d at 243 ("Typically, the inability of a plaintiff to ultimately recover an amount adequate to give the court jurisdiction does not show bad faith, nor does it oust the court's subject matter jurisdiction.").

6. However, there is a distinction between subsequent events and subsequent revelations that lower the amount in controversy below the statutory level. *See Powell*, 87 F.3d at 97. Because the court assesses jurisdiction upon the factual reality at the outset of the case, if factual revelations, unprompted by subsequent events, reveal that the required amount was not in controversy at the commencement of the action, dismissal may be proper. *Id.* (*citing Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) ("[W]here 'the "proofs" adduced at trial conclusively show that the plaintiff never had a claim even arguably within the [required] range,' a diversity action must be dismissed." (*quoting Jimenz Puig v. Avis Rent-A-Car Sys.*, 574 F.2d 37, 39 (1st Cir. 1978))).

7. **Analysis: motion to reconsider.** Plaintiff Curlett argues for reconsideration

4

of the order dismissing his claims under the Act because of "the existence of a clear

error of fact that must be corrected to prevent manifest injustice." (D.I. 13 at 2)

Specifically, Curlett argues that this court was mistaken when, based upon plaintiffs'

pleadings, it decided that none of the complained of conduct occurred in Delaware.

(*Id.*) In support of this argument, Curlett submitted a sworn affidavit saying that he was

working in Delaware City, Delaware at the time of his wrongful termination. (*Id.* at Ex.

A) In an attempt to tie the affidavit back to the pleadings, Curlett indicates that

paragraphs 68 through 70 of the complaint allude to Curlett's employment in Delaware

at the time of his termination. (*Id.*; *see* D.I. 1 at 13) These arguments are

unpersuasive.

8. A careful reading of plaintiffs' complaint does not reveal any instance in which

plaintiffs claim that Curlett was working in Delaware at the time of the alleged wrongful

termination. Although Curlett points to paragraphs 68 to 70 of the complaint to support

the motion to reconsider, these paragraphs do not indicate that Curlett was working in

Delaware at the time he was "laid off." (*See Id.*)

9. If plaintiffs had submitted the sworn affidavit attesting to Curlett's Delaware

employment before the court ruled on the motion to dismiss, Curlett's claims pertaining

to the Act may not have been dismissed. However, the evidence offered in Curlett's

affidavit is not new and was available long before the decision to grant defendants'

motion to dismiss issued. Furthermore, defendants' brief in support of their motion to

dismiss specifically pointed out that plaintiffs' complaint failed to assert any adverse

employment actions in Delaware (D.I. 6 at 8), a claim to which plaintiffs failed to

respond until the present motion. Plaintiffs had both ample evidence and opportunity to

demonstrate Curlett's employment within Delaware prior to the court's decision on the motion to dismiss. Curlett cannot resuscitate his claim pertaining to the Act via a motion "argu[ing] new facts . . . that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc.*, 735 F. Supp. at 1240.

10. **Analysis: amount in controversy**. Because the court bases its jurisdictional analysis upon the state of things at the time the complaint was filed, the court retains jurisdiction over the conversion and unjust enrichment claims even if the amount in controversy falls below the required amount.

11. Plaintiffs' initial complaint alleged two violations of the Delaware Whistleblowers' Protection Act along with the unjust enrichment and conversion claims. (D.I. 1) The two Act violations alone would exceed the $75,000 statutory minimum, thereby rendering a determination of the damages stemming from the unjust enrichment and conversion claims unnecessary.

12. Although the court has dismissed plaintiffs' claims pertaining to the Act, there is no indication that plaintiffs asserted these claims in bad faith as an attempt to artificially raise the amount in controversy beyond the required level. Furthermore, the court's dismissal of plaintiffs' claims pertaining to the Act is a subsequent event that does not affect the jurisdictional standing of plaintiffs' remaining claims.

13. Because the court would retain subject matter jurisdiction over plaintiff Duphily's remaining claims even if the amount in controversy fell below $75,000, the court need not now determine the amount of damages stemming from the unjust enrichment and conversion claims.

14. **Conclusion**.  For the reasons discussed above, the court denies plaintiff Curlett's motion for reconsideration and retains jurisdiction over plaintiff Duphily's remaining claims.

United States District Judge

7